IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE E. SHEFFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 14-0004-WS-M |
| | ) | |
| KEITH FRAZIER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on its sua sponte review of its subject matter jurisdiction. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010); *accord Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Furthermore, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (internal quotes omitted). Thus, "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

For the third time in two years, defendant Sidney Lewis has attempted to remove this state-court action.[1] The first two efforts ended in remand. His latest attempt at removal advances new grounds but is no more successful, and remand is again required.

Lewis claims subject matter jurisdiction based on his advancement of a qui tam claim on behalf of the United States, with the goal of recovering taxes the plaintiff allegedly has failed to pay and/or imposing a federal tax lien. (Doc. 1 at 3, 9-13). It

---

[1] *See Sheffield v. Frazier*, Civil Action No. 12-0230-WS-M; *Sheffield v. Frazier*, Civil Action No. 13-0333-WS-M.

appears highly doubtful on many grounds that a defendant in a state court action could inject a qui tam claim against the plaintiff and thereby engineer a substantively and procedurally proper removal of the entire action to federal court.[2]  But the Court need not resolve those issues, because Lewis has never filed a qui tam claim in state court.  All he has done is file a notice of removal "w/qui tam attached," (*id*. at 1), and the attached "qui tam action" reflects the federal court as the court in which the action is to be filed.  (*Id*. at 9).  Since there was never a federal qui tam claim pending in state court, removal cannot be based on such a claim.

"[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal." *Scimone v. Carnival Corp*., 720 F.3d 876, 882 (11th Cir. 2013).  Lewis has not met his burden.  Accordingly, this action is **remanded** for lack of subject matter jurisdiction.

DONE and ORDERED this 13th day of May, 2014.

s/WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Even apart from these issues, multiple additional procedural irregularities in the removal would likely require remand in the face of objection.